IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-308-D
No. 5:23-CV-240-D

| | |
|---|---|
| ANA DUARTE-PINEDA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 1, 2023, Ana Duarte-Pineda ("Duarte-Pineda" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct her 262-month sentence [D.E. 179]. On May 8, 2023, she filed a memorandum in support and an affidavit from Augustin Gomez-Rojas [D.E. 182, 182-1]. On July 12, 2023, the government moved to dismiss [D.E. 187] and filed a memorandum in support [D.E. 188]. On July 13, 2023, the court notified Duarte-Pineda of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 189]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Duarte-Pineda did not respond. As explained below, the court grants the government's motion to dismiss and dismisses Duarte-Pineda's motion to vacate.

I.

On March 11, 2020, pursuant to a written plea agreement, Duarte-Pineda pleaded guilty to one count of distribution of 50 grams or more of methamphetamine and aiding and abetting. See [D.E. 54, 56, 59].

On December 21, 2020, the court held Duarte-Pineda's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 115] 4. The court calculated Duarte-Pineda's offense level to be 39, her criminal history category to be I, and her advisory guideline range to be 262 months to 327 months' imprisonment. See Sent. Tr. at 5. The court sentenced Duarte-Pineda to 262 months' imprisonment on count one. See Sent. Tr. at 18; [D.E. 108].

On December 29, 2020, Duarte-Pineda appealed. See [D.E. 110]. On January 5, 2022, the Fourth Circuit affirmed Duarte-Pineda's conviction, enforced the appellate waiver in her plea agreement, and dismissed Duarte-Pineda's appeal concerning all issues within the waiver's scope. See [D.E. 145, 146]; United States v. Duarte-Pineda, No. 20-4628, 2022 WL 42487 (4th Cir. Jan. 5, 2022) (per curiam) (unpublished).

On August 25, 2022, Duarte-Pineda filed a letter with this court expressing her remorse, discussing her family's hardships because of her incarceration, and requesting early release. See [D.E. 154, 157]. On December 22, 2022, this court denied Duarte-Pineda's motion for a sentence reduction. See [D.E. 166].

On May 1, 2023, Duarte-Pineda moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct her 262-month sentence [D.E. 179]. In Duarte-Pineda's section 2255 motion, she alleges that her attorney provided ineffective assistance of counsel by: 1) not filing timely objections to the PSR, 2) failing to explain to her the offense of conviction, 3) failing to request a minor role reduction, 4) failing to explain why her advisory guidelines were enhanced, 5) and failing to seek a variance or downward departure based on her being a first offender. See id. at 4. In Duarte-Pineda's memorandum in support of her motion, Duarte-Pineda only argues that her counsel at

2

sentencing was ineffective by failing to present an affidavit from co-defendant Augustin Gomez-Rojas, in which Gomez-Rojas allegedly took full responsibility for the drug distribution and stated that Duarte-Pineda had no knowledge about the drugs Gomez-Rojas distributed between the end of 2017 and July 25, 2019. See [D.E. 182]; [D.E. 182-1]. The government moved to dismiss Duarte-Pineda's motion for failure to state a claim upon which relief can be granted. See [D.E. 187]; [D.E. 188].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

3

Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 362–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To prove a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Duarte-Pineda must show that her attorney's performance fell below an objective standard of reasonableness and that she suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. The party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

4

When a defendant pleads guilty and later attacks her guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 582 U.S. at 369. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 582 U.S. at 368–69 (citations and quotation omitted).

If Duarte-Pineda is challenging the validity of her advisory guideline range, she cannot use section 2255 to attack her advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Accordingly, to the extent Duarte-Pineda challenges her advisory guideline range, her claim fails.

Duarte-Pineda alleges that her counsel was ineffective by failing to inform her of her offense of conviction. See [D.E. 179] 4. Duarte-Pineda's sworn statements at her Rule 11 hearing, however, bind her and defeat this claim. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At Duarte-Pineda's Rule 11 hearing, she swore that she understood the elements of the offense, the relevant circumstances and consequences of pleading guilty, and that she discussed her entire plea agreement with her attorney and understood it. See Rule 11 Tr. [D.E. 114] 16–36. Moreover, to the extent Duarte-Pineda's counsel failed to explain the elements of the offense or the consequences of pleading guilty, the court cured any such deficiency during the Rule 11 hearing and before Duarte-Pineda pleaded guilty. See id.; Blackledge, 431 U.S. at 74.

5

Alternatively, Duarte-Pineda has failed to plausibly allege prejudice from her counsel's alleged deficiency. Duarte-Pineda makes no allegation in her section 2255 motion that if counsel had provided her with more information about the elements of the offense, then Duarte-Pineda would not have pleaded guilty and proceeded to trial. See [D.E. 179]; [D.E. 182]; cf. Lee, 582 U.S. at 368–69; Lockhart, 474 U.S. at 59. In light of Duarte-Pineda's sworn statements at her Rule 11 hearing, Duarte-Pineda's first claim fails. See Strickland, 466 U.S. at 687–96; Blackledge, 431 U.S. at 74; Moussaoui, 591 F.3d at 299–300; Lemaster, 403 F.3d at 221–23; United States v. Merritt, 102 F. App'x 303, 307–08 (4th Cir. 2004) (per curiam) (unpublished); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991).

Next, Duarte-Pineda alleges that her counsel was ineffective at sentencing by failing to object to the advisory guideline calculation, failing to explain her advisory guideline calculation, failing to request a minor role reduction, and failing to request a variance or downward departure. See [D.E. 179] 4. At Duarte-Pineda's sentencing hearing, however, Duarte-Pineda stated under oath that she received a copy of the PSR, spoke with her attorney about it, and agreed with her lawyer's representation that the court properly calculated the advisory guideline range. See Sent. Tr. at 4–5. See, e.g., Blackledge, 431 U.S. at 74; Moussaoui, 591 F.3d at 299–300; Lemaster, 403 F.3d at 221–23.

Alternatively, counsel did not perform deficiently by failing to make baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009); Wiggins v. Smith, 539 U.S. 510, 533 (2003); Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005); Pollard v. Armontrout, 16 F.3d 295, 298 (8th Cir. 1994); Boyd v. Dir., Dep't of Corr., No. 1:14cv381, 2015 WL 1137991, at *5–6 (E.D. Va. Mar. 10, 2015) (unpublished); White v. Johnson, No. 1:07cv376, 2007 WL 3378541, at *8 (E.D. Va. Nov.

6

7, 2007) (unpublished). Duarte-Pineda's counsel acknowledged at the sentencing hearing that "many of the enhancements were part of the plea agreement and factually supported, so we did not object to them." Sent. Tr. at 6; cf. [D.E. 59] ¶ 5. Additionally, an argument for a minor role reduction would have contradicted the PSR, which explained Duarte-Pineda's significant role in several drug transactions and threats that Duarte-Pineda made against a confidential source. See PSR ¶¶ 6–13. Finally, Duarte-Pineda's counsel did argue at sentencing for a below guideline sentence. See Sent. Tr. at 6–8. The performance of Duarte-Pineda's counsel falls comfortably within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Accordingly, Duarte-Pineda's second claim fails. See id. at 687–96.

Finally, Duarte-Pineda alleges that her counsel was ineffective at sentencing by failing to raise the affidavit that her co-defendant signed indicating that he alone was responsible for the criminal conduct. See [D.E. 182]. Duarte-Pineda's sworn statements at her Rule 11 hearing, however, bind her and defeat this claim. See Rule 11 Tr. at 21–36; see, e.g., Blackledge, 431 U.S. at 74; Moussaoui, 591 F.3d at 299–300; Lemaster, 403 F.3d at 221–23. Duarte-Pineda's counsel's performance was not deficient for not presenting a purported affidavit that would have contradicted her sworn guilty plea and possibly jeopardized her acceptance of responsibility. See, e.g., Knowles, 556 U.S. at 124–26; cf. Sent. Tr. at 10–15.

Alternatively, Duarte-Pineda has not plausibly alleged prejudice from her counsel's alleged deficiencies at sentencing. To show prejudice from deficient performance at sentencing, a defendant must plausibly allege a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a

7

probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Duarte-Pineda has not plausibly alleged that counsel could have done something differently to obtain a different total sentence. At sentencing, the court considered Duarte-Pineda's history and characteristics. The court also considered the serious nature of Duarte-Pineda's criminal conduct and the need to protect society from Duarte-Pineda. Additionally, the court noted that even if it miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. at 19. This court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Duarte-Pineda. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, Duarte-Pineda has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Duarte-Pineda's motion, the court finds that reasonable jurists would not find the court's treatment of Duarte-Pineda's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 187], DISMISSES petitioner's section 2255 motion [D.E. 179], and DENIES a certificate of appealability. The clerk shall close the case.

8

SO ORDERED. This 1 day of November, 2023.

                                              *J. Dever*
                                              JAMES C. DEVER III
                                              United States District Judge